Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

Southeast Division

RECEIVED
BY MAIL

APR 14 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

Antoine Lee Boyle

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Centurion, Melinda Sorbello

Roxanne Rausihir, Beth Harmon, Joyce Wilson

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 1:25-cv-00013-JSD

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name

All other names by which
you have been known:    _Antoine Lee Boyle_
ID Number    _1244143_
Current Institution    _South east Correction Center_
Address    _300 E. Pedro Simmons Dr_
_Charleston_        _Mo_        _63834_
City        State        Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name    _Beth Gwen Harmon_
Job or Title (if known)    _R, N, or L, P, N._
Shield Number
Employer    _Centurion, Department of Corrections_
Address    _300 E Pedro Simmons dr._
_Charleston_        _MD_        _63832_
City        State        Zip Code
☑ Individual capacity    ☑ Official capacity

Defendant No. 2

Name    _Roxanne Rauscher_
Job or Title (if known)    _Director of Nursing, R, N._
Shield Number
Employer    _300 E Pedro Simmons Dr_
Address    _Centurion, Department of Corrections_
_Charleston_        _MO_        _63834_
City        State        Zip Code
☑ Individual capacity    ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name      _Melinda Sorbello_
    Job or Title *(if known)*    _Nurse Practioner_
    Shield Number
    Employer      _Centurion, Department of Corrections_
    Address      _300 E Pedio Simmons dr_
           _Charleston_     _MD_     _63834_
                    City            State         Zip Code
           ☑ Individual capacity    ☑ Official capacity

Defendant No. 4
    Name      _Joyce Wilson_
    Job or Title *(if known)*    _Doctor, M.D._
    Shield Number
    Employer      _Centurion Contracted Doctor_
    Address      _Unknown_
                    City            State         Zip Code
           ☑ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     ☐ Federal officials (a *Bivens* claim)

     ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

     _8th Amendment, 14th Amendment._

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**D.** Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

All Defendants has an obligation to provide the persons in its custody with a Health care system which meets minimum standards of adequacy. The state and its agent has an obligation to provide the person in custody with a Health care system which has competent, diligent medical personel & to insure that prescribed care is in fact delivered

**III.** **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

**IV.** **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.** If the events giving rise to your claim arose outside an institution, describe where and when they arose.
My Surgeries were performed outside the institution By Dr. Joyce Wilson in 2 locations.

**B.** If the events giving rise to your claim arose in an institution, describe where and when they arose.
I Declared a medical emergency Because I sustained a serious hand injury, December 22, 22. I self Declared twice & was given a Band-aid I was told to go Back to the Housing unit.



exhibit

**MISSOURI DEPARTMENT OF CORRECTIONS**
**INSTITUTIONAL SERVICES**
**PROCEDURE MANUAL**

IS11-41.2 Hunger Strike                              Effective Date:  February 18, 2018

*Signature on File*                                 *Signature on File*

Alana C. Boyles, Director                           J. M. Reinkemeyer, Director
Division of Adult Institutions                      Division of Offender Rehabilitative Services

I.  **PURPOSE:** To provide guidelines to ensure appropriate and consistent response to individual offender hunger strikes.

    A.  **AUTHORITY:** Sections 217.040 and 217.175 RSMo

    B.  **APPLICABILITY:** All facilities or institutions under the jurisdiction of the division of adult institutions or the division of offender rehabilitative services. The health services administrator in consultation with the medical director, institutional chief of mental health services, other professional health providers, and the chief administrative officer or designee of any facility housing offenders under the jurisdiction of the division of adult institutions or the division of offender rehabilitative services will develop standard operating procedures specific to provisions of health services based on the guidelines established herein.

    C.  **SCOPE:** Nothing in this procedure is intended to give a protected liberty interest to any offender. This procedure is intended to guide staff member's actions.

II.  **DEFINITIONS:**

    A.  **Administrative Segregation:** A unit where an offender may be temporarily placed for the security and good order of the institution.

    B.  **Assistant Division Director for Medical Services:** The department's central office administrative medical professional responsible for all the department's medical staff members and services for the division of offender rehabilitative services.

    C.  **Chief Administrative Officer (CAO):** The highest ranking individual at the worksite and in accordance with the CAO reference document available in the department's computer system. Exception: Staff members at the worksite who do not report to the worksite CAO will be accountable to the deputy or assistant division directors or central office section heads who are in their chain of command.

    D.  **Department Computer System:** The computer systems used by department staff members such as, but not limited to the Investigation Reporting Intelligence System (IRIS), Archibus – Maintenance Management System (MMS), Point of Sale (POS) System, Missouri Corrections Integrated System (MOCIS), (OPII), Statewide Advantage for Missouri (SAMII), shared network drive, etc.

    E.  **Health Services Administrator (HSA):** A contracted professional who serves as the site medical health administrative authority responsible for the delivery of contract services at an assigned institution.

    F.  **Health Services Record:** A transcript of information obtained from a patient, guardian or health care professional in a written and/or electronic format. It should contain history, diagnoses, treatment, prognosis, etc.

G. **Hunger Strike:** When an offender declares he[1] is on a hunger strike or is observed by staff members to be refraining from eating food for a period of time ordinarily in excess of 72 hours. The intake of liquids will not be considered as food intake unless deemed by a physician as providing nutritional benefits.

H. **Hunger Strike Discontinued (Ended):** When an offender is observed and documented by staff members to be ingesting solid food, nutritional supplements or the site physician has written that the hunger strike ended.

I. **Infirmary:** A unit within the correctional facility where offenders receive medical attention and are confined due to medical needs.

J. **Institutional Chief of Mental Health Services (ICMHS):** A contracted mental health professional who serves as the mental health authority responsible for the delivery of contract services at an assigned institution.

K. **Qualified Mental Health Professional (QMHP):** Includes psychiatrists, psychiatric nurse practitioners, psychologists, licensed clinical social workers, licensed masters' social worker, licensed professional counselors, provisionally licensed professional counselors and others who by the virtue of their education, credentials and experience are permitted by law to evaluate and care for the mental health needs of patients.

L. **Regional Medical Director:** A contracted professional who serves as the responsible physician for a specific region or department, overseeing all physicians providing health care for the offender population; ensures the health services provided comply with applicable federal, state, and local laws and regulations, as well as department contract requirements and National Commission on Correctional Health Care Standards for Health Services in Prisons.

M. **Skin Turgor:** A test of the skin to determine dehydration.

**III. PROCEDURES:**

A. DETERMINATION, NOTIFICATION, AND DISCONTINUATION OF A HUNGER STRIKE

1. When a staff member believes an offender is on a hunger strike, the staff member will immediately notify a unit staff member or shift supervisor, health services administrator (HSA) or designee, institutional chief of mental health services (ICMHS) and the chief administrative officer (CAO) or designee.

   a. The staff member making the determination will provide written documentation for placement and retention in the health services record and classification files in accordance with departmental procedures regarding record retention.

2. Upon notification of an offender declaring a hunger strike, the HSA or designee will complete and submit a referral and screening note – health services form to the ICMHS or designee.

3. The qualified mental health professional (QMHP) will complete an assessment of the offender's competency and overall mental health status after the mental health referral has been made.

   a. The QMHP will assess the offender within 72 hours of initial notification and at least weekly thereafter as long as the offender remains on hunger strike.

---

[1] All references in this procedure to the male gender are used for convenience only and shall be construed to include both female and male genders.

      b.   The QMHP will assess the offender upon notification of any changes in the offender's health status. Any changes in the offender's health status will require consultation with medical staff and will require regular assessments at least 3 times per week.

    4.   Hunger strike monitoring of the offender will continue until a physician's order is written that the hunger strike has ended.

B.  MANAGEMENT OF AN OFFENDER ON HUNGER STRIKE

    1.   A housing unit staff member should attempt to determine the reason for the hunger strike and try to resolve the situation.

    2.   When the situation is unable to be resolved, the offender will be placed in a confined area which will preclude the introduction of food to the hunger striker by other offenders.

    3.   At the discretion of the physician, an offender will be placed in the infirmary or an administrative segregation cell for monitoring purposes in accordance with institutional services procedures regarding infirmary and administrative segregation.

    4.   No other unrestrained offenders are to be allowed in the proximity of this cell without escort by a staff member (for example: other offenders can't pass food or liquid items to the offender on hunger strike status).

    5.   Health services staff members will monitor the offender daily and evaluate the following:

        a.   weight,

        b.   vital signs (such as temperature, pulse, respiration, and blood pressure),

        c.   skin turgor,

        d.   laboratory studies, as determined appropriate by the physician, and

        e.   overall appearance of the offender.

    6.   Monitoring times, evaluations and additional medical information will be documented in the department computer system by health services staff members.

    7.   The CAO will be advised daily of the offender's condition as specified in standard operating procedures (SOPs).

    8.   A physician or designee will examine the offender no less than three times per week after 9 missed meals. If the hunger strike lasts 21 missed meals, then the physician or designee should examine the offender daily.

    9.   When a health services staff member determines the offender needs to be examined more frequently, arrangements will be made for appropriate medical care.

    10.  If a urine specimen can be obtained from the offender, a urine dipstick will be completed daily after the first 72 hours.

    11.  The HSA will notify the regional medical director or designee and the assistant division director for medical services when an offender has been determined to be on a hunger strike.

      a.   Updates will be provided on a daily basis of the offender's medical status following the initial 7 days of the hunger strike.

   12.   The offender's family will be notified in accordance with institutional services procedures regarding notifications to an offender's emergency contact and emergency health services.

   13.   A housing unit staff member will complete and submit the notification of offender declared hunger strike form to the CAO when an offender has been determined to be on the hunger strike in excess of 72 hours and/or has missed 9 consecutive meals.

      a.   The CAO will notify the appropriate deputy division director of adult institutions by forwarding the notification of offender declared hunger strike form.

          (1)  The deputy division director of adult institutions will notify the director of the division of adult institutions.

      b.   Additional updates will be submitted on the notification of offender declared hunger strike form every 3 days until the offender is placed in the infirmary; then updates will be submitted daily.

   14.   Involuntary medical treatment will be considered when deemed necessary by the physician in accordance with institutional services procedures regarding forced involuntary medical treatment.

      a.   A medical staff member will notify the offender that involuntary medical treatment will be considered if necessary.

## IV. REFERENCES:

   A.  National Commission on Correctional Health Care: Standards for Health Services in Prisons.
   B.  931-1572     Referral and Screening Note-Health Services
   C.  931-4747     Notification of Offender Declared Hunger Strike
   D.  IS11-10      Notifications to an Offender's Emergency Contact
   E.  IS11-41      Emergency Services and Notifications
   F.  IS11-52      Infirmary
   G.  IS11-67.1    Forced Involuntary Medical Treatment
   H.  IS21-1.2     Administrative Segregation

**V. HISTORY:** This procedure was previously covered by Division Rule 115.010 Offender Serious or Critical illness - Original Effective Date: 11-01-80, Offender Serious or Critical Illness – Revised: 05-31-82, then as IS11-2.4 Inmate Hunger Strike – Effective: April 1, 1992, located in the department institutional services policy and procedures manual and revised as IS11-42.3 Inmate Hunger Strike – Effective: February 1, 1995.

   A.  Original Effective Date:   04-01-92
   B.  Revised Effective Date:   02-01-95
   C.  Revised Effective Date:   10-15-99
   D.  Revised Effective Date:   03-15-07
   E.  Revised Effective Date:   11-27-09
   F.  Revised Effective Date:   02-21-10
   G.  Revised Effective Date:   02-18-18

I.V. Statement of Claim
B. Additional Page I

I told Nurse Emily Achter L.P.N. that I
could not feel my Finger tips and that I had Been Bleeding
extensively for Hours. She then Called On-Call, the Emergency
Call Center for Offenders & relayed my injury to them & they
told her to Bind my hand & Finger more tightly to see if that
Would Stop the Bleeding. She complied & sent me on my way.
        Afterwards I filed multiple H.S.R's to see
Nurse Practioner Melinda Sorbello and told her of my
injuries. She dismissed them immediately & claimed they were
superficial and Denied me medical treatment. I then filled
out more Medical Request Slips over the next year &
a half. From December 2022, Through 2023. I was seen
by Melinda Sorbello numerous times and she denied me
medical care every time. I relayed to her I couldn't move
my finger any longer & I could feel the tip of my right pinky
Finger any longer. She then told me to do frivolous
hand exercises then told me go Back to my Housing Unit.
I demanded to See Someone else Because I knew
something was wrong and She kept ignoring It.
I Relayed to Sorbello that "When a state adds to the risk
as by providing a physician who does not meet minimum
standards of competence or diligence or who cannot give
adequate care Because of an excessive case load or inadequate
facilities, then I suffer from a Breach of Constitutional
Duty from the State. She relented & scheduled me to See Dr. Morton

I. V. Statement of Claim
B. Addition Page II

Upon Seeing Dr. Morton in 2023, Dr. Morton who is
no longer employed immediately seen the Seriousness of my
injury in the 1st Appointment & told me I hand no Tender
Bally functon & I need to see an orthopedic specialist.
Upon that recommendation I seen a Male orthopedic
Docter & he told me I need surgery immediately. But
would not Due the Surgery unless D.O.C. Promised to
do the requisite physical therapy that followed:
Which included a 2 part Surgery to 1st remove
the Deteriorated tenden that rescinded in my hand
and died Because the passage of time made my injury
significantly worse. After the Doctor refused to do
the complex procedure Because of the Barriers of the
problematic customs of D.O.C Policy pertaining to
Providing adequate Health care serviices in a timely
Fashion, I was forced to See Dr. Joyce Wilson
after I filed my initial I.R.R. against medical
for failing to do my surgery. I filed the I.R.R. in
2024 and my 1st surgery was finally done to remove my
Severed tendon that deteriorated on May 2nd 2024
and a flex Rod was Put in my Finger in place of the
missing tendon. After my Surgery I made multiple
complaints to Melinda Sorbello, the nurse practioner
about my Pain & How my Bloodpressure has increased

I. V. Statement of Claim

B. Addition Page III

Melinda Sorbello completely ignored my spike in Blood pressure and I asked her, including Beth Harmon about my follow up surgery that was supposed to take place 6-8 weeks after my initial surgery. They Both denied me medical care & I then again complained of my spike in Blood pressure & the Discomfort I had in my hand & the swelling that accompanied pain. I was given IBprofen & tykenol & I continued on with my grievance phase. I put in multiple H.S. R's and complained to Sorbello & Beth Harmon about my head aches & my increased Blood Pressure & they ignored my complaints completely. I asked numerous times about my follow up Surgery & when I would get this plastic rod out of my hand & It wasn't un til 6 months later that I found out that Beth Harmon had completely ignored my follow up surgery & I also was diagnosed with Hyper tension By nurse practioner Valancia Hinderson. Melinda Sorbello was deliberately indifferent to multiple Serious medical needs. I went on Hunger strike to get the medical treatment & Attention I needed and to make the Director of Nursing Roxanne Hauscher aware of my serious medical needs

I V. Statement of Claim

B Addition Page IV

Roxanne Rauscher said she would look into my claims and I informed her that I didnt trust Serbello as my practioner any longer I didnt trust her & that a conflict of interest has now made her untrustworthy as my medical nurse. I asked Serbello How could she miss my surgery follow when I complained regulary to her about my pain & my need to get that flex rod out & how now Because of her not catching the seriousness in my spiked Blood Pressure, I have known Been diagnosed with Hypertension. Serbello response was that her case load is to heavy & she had other things to Be concerned with & she didnt think my situation was as serious as I claimed it was. I immediate reported her to Roxanne Rauscher her Boss & told her I no longer trusted her professional opinion or the standard of Care I have Been receiving from Centurion, I.E. Roxanne included, Beth Harmon who is in charge of scheduling & Melinda Serbello I requested that I Be given my second surgery & that this Plastic Rod Be removed from my Hand at once, I told them I wasn't able to exercise or do any physical activity Because of the discomfort in my hands & calisthetics are no long an option

IV Statement of Claim.
B. additional Pg. V

I remained on hunger strike until December 20 2024
until Roxanne Promised me my surgery was in.
But while on hunger strike on December 4, 2024
I was in ad-seg / House 1A 157, I was sent Back
to that Cell Because the needed my cell in the
infirmary Because someone was on hospice & they
need my ~~bed~~ Bed & they forced me out & while
I was suppose to Be in medical for monitoring
Because of the amount of meals I missed, I remained
on hunger strike for multiple reasons. On December
4th 2024 I was maced By multiple guards
for requesting to go Back to medical for proper
monitoring & they denied me that. Even against the
Hunger Strike Policy; Richard Trout gave the order
to move me Cells he had COII Gavin Penrod, COI
Gunther Peters & COI Smith attempt to cause
me injury By way of macing me, Joshua Christopher
Who was next door to me in A158 was asked to
move at least 3 times & denied & they wrote him
a violation & left him alone & didn't use force at
all. I Believe they discriminated against me
for exercising my 1st Amendment right of speech
& association, I filed I.R.R's & Grievance's & as retaliation
the asked to move for no penological reason & maced me

IV Statement of Claim
B. additional Pg VI

I am African American, Joshua Christopher is a Caucasian Male. He denied moving at least 3 times prier to me? the did no harm to him But when I asked to Be taken Back to medical Because I had missed over 102 meals at this time the Still maced me & closed the food port & left me there to die. this is a violation of my 14th Amendment right to equal protection. the deliberately sought to harm me & treated a white meale differently than me & I actually was still under a medical advisery.

Further More this excessive force was deliberately intentiend to cause me more enjury & harm. It served no penological purpose Because I was none combative.

In addition to Sustaining Chemical Burns all over my Body, Beth Harmon came & Helpme Blow my nose But that was it. She Didnt Detox me or take me to the eye wash station. She left me to threw up as did the C.O.'s who sprayed me. they tried to kill me I Believe. My Health was already dibilitated.

IV. Statement of Claim
B. addition Pg VII

Futhermore After I came off Hunger
Strike on December 20, 2025. I was sent
to another ad-seg housing Unit 2 while I
Waitd for my Surgery. My Scheduled Surgery
date was missed again & I had to continue
to wait in pain longer, I complained to nurse
Bri Roberts about my Surgery & she told me
It is Being rescheduled again. I finally
went to surgery February 26 2025 to
get the flex Rod removed & the tendon replacement
& skin grafts, I was supposed to recieve therapy
after 4 days to ensure proper Healing as prescribed
By Surgeon Dr. Joyce Wilson. I didn't receive
any physical therapy, nor did I recieve any
instruction from her on what I should do as a contingency
I didn't see Her for almost a Month later until
March 26-2025 ? I complained to Her I havent
recieved my required physical therapy. I seen a
physical therapist once to make my hand Brace
& that was all. She said she would look into it.
I complained to Roxanne Rauscher the. D.O.N.
again about me not recieving my therapy & she lied?
told me it was approved. Yet I still havent recieved
it & the physical therapist Megan Priday.

I.V. Statement of Claim

B. additional Pg. VIII

Megan Priday told me it was essential that
I see her 2 to 3 times a Week minimum.
to heal properly. I have Been denied adequate
medical treatment contemporary with modern
standards.

    The Delay & denial in my medical treatment
forms the Bases of Deliberate indifference & the
Objective Seriousness of the Deprivation is measured by
the affect of the Delay in treatment & this delay
& denial has caused irrevokable damage to my
hand & Finger, It has cost me a tendon out
of Each Wrist & I am still suffering as
I speak from pain & discomfort & I
have no recourse But to Bring this
immediately to the Court and request
injuctive Relief Because of it. The surgeon
has stated to nurses that I'm in no need
of the ideal Therapy now & the damage
is done. Now she has denied me treatment
& no Professional in the modern world would
agree with this substandard treatment I
have recieved & the irreparable Harm I
have suffered.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.  What date and approximate time did the events giving rise to your claim(s) occur?

December 2022 - February 2025 - to Present date 4-2-25

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Denied Medical Care & Delayed Medical Treatment.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Irreparable damage to my hand & pinky finger on my right hand & Both wrists

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I want injunctive Relief By forcing them to do my physical therapy to help me heal.
I am Requesting fifty Million U.S. Dollars in actual Damages. and Punitive damages. I was irreparably injured Medical Denied my treatment for a year & a half & when finally treated. It was & Still is well Below medical Standards.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Southeast Correctional Center 300 E Pedro Simmons dr
Charleston mo 63834

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

the excessive use of force. The Deliberate inditference
the cruel & unusual Punishment & the 14th amendment
8th Amendment

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

   ☑ Yes

   ☐ No

   If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   ☐ Yes

   ☐ No

E.   If you did file a grievance:

   1.   Where did you file the grievance?

   Southeast Correction Center

   2.   What did you claim in your grievance?

   Deliberate indifference. Failure to properly treat & the Denial of Medical Services.

   3.   What was the result, if any?

   I was given the surgery. But swell past what was adequate standards & My therapy was denied.

   4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   I appealed & I filed another I.R.R to follow up with what I have Been denied

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I have filed I.R.R.'s that were not logged. I wrote Tracey Davis the Grievance officer for grievances. She ignored me. I have tried to exhaust every phase I could despite denial.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)  _Antoine Lee Boyle_
    Defendant(s)  _Department of Corrections et. al_

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _Southeastern District, U.S. District Court_

3.  Docket or index number
    _#1:25-cv-00013-JSD , 1:24-cv-00006-CDP_

4.  Name of Judge assigned to your case
    _So. District Judge Catherine D Perry and Magistrate Joseph S Ducker_

5.  Approximate date of filing lawsuit
    _1-17-2024-CDP      1-17-2025-Joseph S Ducker_

6.  Is the case still pending?

    ☒ Yes

    ☐ No

    If no, give the approximate date of disposition.  _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _Still pending_

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Page 9 of 11

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-3-2025

Signature of Plaintiff       _L Boyle_

Printed Name of Plaintiff    Antoine Lee Boyle

Prison Identification #       1244143

Prison Address               300 E Pedro Simmons Dr

Charleston        Missouri      63834
            _City_        _State_        _Zip Code_

### B.    For Attorneys

Date of signing: _____

Signature of Attorney        _____

Printed Name of Attorney     _____

Bar Number                   _____

Name of Law Firm             _____

Address                      _____

            _City_        _State_        _Zip Code_

Telephone Number             _____

E-mail Address               _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this ___fourth___ day of ___April___ 20 _25_.

_(signature)_

_____
Signature(s) of Plaintiff(s)

_____

_____